IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ENGLAND LOGISTICS, Inc., a Utah corporation,<br><br>                Plaintiff,<br><br>v.<br><br>GV CHAMPLINES, Inc., a California corporation,<br>                Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT<br><br>Case No. 2:22-cv-00742-TS<br><br>Judge Ted Stewart |

This matter comes before the Court on Defendant GV Champlines, Inc.'s Motion to Set Aside Default Judgment (Docket No. 21). For the reasons discussed below, the Court will grant the Motion.

I.      BACKGROUND

Plaintiff commenced this action in December 2022 by filing its Complaint against Defendant, alleging federal question and supplemental jurisdiction pursuant to the Carmack Amendment.[1] Plaintiff completed service of process on December 28, 2022, and Defendant's deadline for timely answering the Complaint was January 18, 2023. Defendant failed to plead or otherwise defend against the Complaint, and the clerk entered a certificate of default on February 10, 2023.[2] Plaintiff subsequently moved for default judgment, which the Court granted on March

---

[1] 49 U.S.C. § 14706.

[2] Docket No. 10.

1

7, 2023. On May 17, 2023, Defendant moved to set aside the entry of default judgment pursuant to Federal Rules of Civil Procedure 55(c) and 60(b).

The Court has carefully reviewed the filings submitted by the parties and will determine the Motion based on the written memoranda.[3]

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Rule 60(b) provides, in relevant part, that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . [or] (6) any other reason that justifies relief."  "[I]t is well established that the good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)."[4]

"The Court applies the same considerations when deciding whether to set aside either an entry of default or a default judgment, but they are applied more liberally when reviewing an entry of default."[5] Courts generally consider three factors for setting aside a default judgment under Rule 60(b): "(1) the moving party's culpable conduct did not cause the default; (2) the moving party has a meritorious defense; and (3) the non-moving party will not be prejudiced by

---

[3] *See* DUCivR 7-1(g).

[4] *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997).

[5] *Olivas v. Bentwood Place Apartments, LLC*, No. 09-4035-JAR, 2010 WL 2952393, at *2 (D. Kan. July 26, 2010) (quoting *Clelland v. Glines*, No. 02-2223-KHV, 2003 WL 21105084, at *3 (D. Kan. Apr. 11, 2003)).

setting aside the judgment."[6] "Although these are the principal factors the court considers, they are not necessarily determinative, and the court may consider other factors, if necessary."[7] The court also need not consider all three factors.[8] "For example, if the default was the result of the defendant's culpable conduct, the court may refuse to set aside the entry of default on that basis alone."[9]

"[A]ny doubts about the entry of default should be resolved in favor of setting it aside, so that the case may be decided on its merits,"[10] because "[d]efault judgments are not favored by courts."[11] "However, this judicial preference is counterbalanced by considerations of social goals, justice and expediency, a weighing process which lies largely within the domain of the trial judge's discretion."[12] "[A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure."[13]

---

[6] *United States v. Timbers Pres., Routt Cnty., Colo.*, 999 F.2d 452, 454 (10th Cir. 1993).

[7] *Jones v. LabOne, Inc.,* No. 2:06-CV-00735-TC-PMW, 2007 WL 9782956, at *1 (D. Utah Jan. 31, 2007); *See also Guttman v. Silverberg,* 167 F. App'x 1, 4 (10th Cir. 2005) ("A court need not consider all of the factors and may consider other factors as well.").

[8] *Jones*, 2007 WL 9782956, at *1.

[9] *Id.*

[10] *Id.* (citing *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 795 (6th Cir. 2002)).

[11] *See Katzson Bros., Inc. v. United States EPA*, 839 F.2d 1396, 1399 (10th Cir. 1988).

[12] *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).

[13] *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444–45 (10th Cir. 1983).

### III.   DISCUSSION

As a threshold matter, Plaintiff asks the Court to deny the Motion to Set Aside under Rule 60(c)(1), which requires the moving party to file its motion "within a reasonable time . . . and no more than a year after the entry of the judgment or order or the date of the proceeding." Plaintiff argues that Defendant's Motion is untimely because it was filed 10 weeks after the Court entered default judgment. Plaintiff notes that Defendant "only filed [its Motion] once garnishment efforts had been approved by the Court."[14] Defendant asserts that its delay in responding to the judgment was "because that was the amount of time that it took for Defendant to learn of the default judgment, conduct a cost-benefit analysis regarding whether or not to hire legal counsel . . . , find and hire legal counsel to represent it, time for legal counsel to become familiar with the case, . . . and then draft, revise, and file the motion."[15]

"[T]o determine whether a Rule 60(b) motion was brought within a reasonable time, courts examine 'the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties.'"[16] Taking these considerations into account, the Court concludes that Defendant brought its Motion within a reasonable time. Thus, the Court will proceed with its consideration of the Motion under the three factors listed above.

---

[14] Docket No. 24, at 10.

[15] Docket No. 25, at 9.

[16] *Saggiani v. Strong*, 569 B.R. 807, 811 (D. Utah 2017), *aff'd,* 718 F. App'x 706 (10th Cir. 2018) (quoting *Mullin v. High Mountain*, 182 F. App'x 830, 833 (10th Cir. 2006) (unpublished)).

A.  CULPABILITLY

"When a party has actual or constructive notice of a lawsuit, yet completely fails to answer or otherwise communicate with the Court, defendant's failure is willful and 'demonstrates complete disregard for the authority of the Court.'"[17] "If the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone."[18] "Generally a party's conduct will be considered culpable only if the party defaulted willfully or has no excuse for the default."[19]

Plaintiff completed service of process on Defendant via its registered agent for the state of Utah on December 28, 2022. While Defendant makes no substantive argument that service of process was improper or that it was not actually and constructively notified of this action, it has "preserve[d] for argument the fact that service of process was improper and alternatively that excusable neglect prevented Defendant from being properly served."[20] Defendant has not provided this Court with any explanation for its failure to appear and litigate this matter. Accordingly, the Court concludes that the default judgment against Defendant was a direct result of Defendant's culpable conduct.

Therefore, this factor weighs against granting Defendant's Motion.

---

[17] *Olivas,* 2010 WL 2952393, at *2 (quoting *Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001)).

[18] *Hunt v. Ford Motor Co.*, No. 94-3054, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (unpublished) (citation omitted).

[19] *Timbers Pres.*, 999 F.2d at 454 (citation omitted); *see also Hunt*, 1995 WL 523646, at *3–4 (concluding that receiving actual notice and failing to respond is culpable conduct).

[20] Docket No. 21, at 5 n.1.

### B. MERITORIOUS DEFENSE

"Defendant does not need to demonstrate a likelihood of success on the merits, but rather, defendant's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense."[21] "For purposes of this part of the motion, the movant's version of the facts and circumstances supporting his defense will be deemed to be true."[22]

Defendant argues that Plaintiff's claims are barred by the time-limitation provisions of the parties' agreement and that this Court lacks subject matter jurisdiction over both of Plaintiff's claims. Plaintiff responds that this Court has subject matter jurisdiction and that the Carmack Amendment prohibits carriers from shortening the statutory two-year period for bringing civil action under the Amendment via contractual agreement.

Resolving these disputes on their merits would require "a thorough inquiry ill-suited to resolving a motion to set aside."[23] The Court finds that defendants have alleged "factual circumstances surrounding the dispute, [that,] if true, would constitute a defense to the action."[24]

Therefore, this factor weighs in favor of granting Defendant's Motion.

### C. PREJUDICE TO NON-MOVING PARTY

Plaintiff argues that granting Defendant's Motion would result in prejudice because Plaintiff would "suffer additional delays and expenses."[25] Aside from this, the parties offer no

---

[21] *Fink v. Swisshelm*, 185 F.R.D. 353, 355 (D. Kan. 1999) (citation omitted).

[22] *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978).

[23] *SecurityNational Mortg. Co. v. Head*, No. 13-CV-03020-PAB-BNB, 2014 WL 4627483, at *3 (D. Colo. Sept. 15, 2014).

[24] *See In re Stone*, 588 F.2d at 1319.

[25] Docket No. 24, at 9.

other arguments or defenses as to the potential prejudice to Plaintiff.

"There is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case.'"[26] "Thus, mere delay does not alone constitute prejudice."[27] "To establish prejudice, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion."[28]

Plaintiff has not alleged that Defendant's delay will render evidence inaccessible or otherwise interfere with Plaintiff's ability to litigate the case. Further, Plaintiff has failed to show how any of the above forms of prejudice would result from vacating the judgment.

Therefore, this factor weighs in favor of granting Defendant's Motion.

In consideration of the above factors and in light of the strong policy favoring resolution on the merits,[29] the Court will grant Defendant's Motion and vacate the default judgment. However, the Court will exercise its discretion to impose conditions on its grant of the Motion.[30]

---

[26] *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)).

[27] *Id.*

[28] *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990) (citation omitted).

[29] *See Gomes*, 420 F.2d at 1366 ("The preferred disposition of any case is upon its merits and not by default judgment.") (citation omitted).

[30] *Littlefield v. Walt Flanagan & Co.*, 498 F.2d 1133, 1136 (10th Cir.1974) ("The imposition of conditions in an order vacating a default is a device frequently used to mitigate any prejudice which plaintiff may suffer by allowing defendants to plead."); *See also* 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2700 (2010) (noting that prejudice caused by "additional expense" can be "eased by requiring the defaulting party to . . . pay court costs"); *SecurityNational*, 2014 WL 4627483, at *4 (requiring moving party to pay reasonable attorney's fees and costs incurred in obtaining the entry of default and in responding to Defendant's motion).

Given Defendant's culpability in causing the default judgment and Plaintiff's expenses incurred by the delay, the Court will require that Defendant pay the reasonable attorney's fees and costs incurred by Plaintiff in obtaining an entry of default judgment and in responding to the Motion to Set Aside.

## IV.    CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Set Aside Default Judgment (Docket No. 21) is GRANTED. The default judgment and writ of garnishment entered against Defendant (Docket Nos. 13 and 16) are vacated. It is further

ORDERED that Defendant shall pay the reasonable attorney's fees and costs incurred by Plaintiff in moving for the entry of default judgment and in opposing the Motion to Set Aside. Plaintiff must file a motion for attorney's fees pursuant to DUCivR 54-2(f) and costs on or before 14 days after entry of this Order.

Dated this 22nd day of June, 2023.

BY THE COURT:

_____
Ted Stewart
United States District Judge