IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ENGLAND LOGISTICS, INC.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>GV CHAMPLINES,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT GV CHAMPLINES'S MOTION TO DISMISS<br><br>Case No. 2:22-CV-00742-TS-DAO<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant GV Champlines's 12(b)(1), (6) Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. For the reasons set forth below, the Court will grant in part and deny in part the Motion.

I. BACKGROUND

The relevant facts alleged in the Complaint are as follows. On October 27, 2020, Plaintiff England Logistics, a freight broker, and Defendant GV Champlines, a motor carrier, entered into a written agreement in which Plaintiff agreed to arrange for Defendant to transport loads of freight for Plaintiff's customers, including.[1] In May 2021, Plaintiff arranged for Defendant to transport a load of yogurt from San Fernando, California, to the headquarters of OM Produce ("OM") in Irving, Texas. OM is a customer of Plaintiff and the beneficial owner of the freight at issue. Defendant accepted physical possession of the load on May 18, 2021.[2] When the load arrived in Irving, it was "damaged such that the Load was rendered valueless and could not be

---

[1] Docket No. 1, at 3.

[2] *Id.* at ¶ 13.

sold for salvage or otherwise."[3] Plaintiff was assigned rights under the parties' contract by OM, the beneficial owner of the cargo.[4]

The agreement between the parties included a provision that allowed Plaintiff to select litigation under certain conditions but required that the proceedings begin within 18 months of "the date of delivery or the scheduled date of delivery of the freight, whichever is later."[5] Section 3.3.2 of the agreement provided that the "[carrier's] liability for any cargo damage, loss, or theft from any cause shall be determined under the Carmack Amendment, 49 U.S.C. §14706."[6] However, the agreement also provided that "[t]o the extent that terms and conditions herein are inconsistent with part (b) Subtitle IV of Title 49 U.S.C., [the Carmack Amendment], the Parties expressly waive all rights and remedies they may have under the Act."[7]

Plaintiff brought this action on December 1, 2022, alleging that Defendant delivered the damaged cargo on May 18, 2021, and bringing a claim under the Carmack Amendment and a breach of contract claim.[8]

Defendant now moves to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing that (1) Plaintiff fails to state a claim upon which relief can be granted because Plaintiff brought its Complaint after the deadline established in an agreement between the parties; and (2) the Court lacks subject-matter jurisdiction over both of Plaintiff's claims because Plaintiff waived its

---

[3] *Id.* at ¶ 15.
[4] Docket No. 37, at 1.
[5] Docket No. 1-1, at 9.
[6] *Id.* at 7.
[7] Docket No. 31, at 2.
[8] Docket No. 1.

rights provided by the federal statute under which it brought its Carmack claim, and the Court thus lacks supplemental jurisdiction over the breach of contract claim.[9]

Plaintiff argues that (1) the Complaint was timely because the two-year statute of limitations provision in the Carmack Amendment applies to Plaintiff's claims rather than the 18-month limitation included in the Agreement; and (2) OM's Carmack Amendment rights, which were assigned to Plaintiff, "exist separate from and are in no manner impacted by any terms of the [a]greement."[10]

## II. STANDARD OF REVIEW

The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.[11] A motion to dismiss under Rule 12(b)(1) can take one of two forms: (1) facial attacks "challeng[ing] the sufficiency of the complaint, requiring the district court to accept the allegations in the complaint as true," or (2) factual attacks, "challeng[ing] the facts upon which subject matter jurisdiction depends."[12] With factual attacks, "the court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence under Rule 12(b)(1)."[13] With facial attacks, the Court applies "the same standards under Rule 12(b)(1) that are applicable to a Rule 12(b)(6) motion to dismiss for failure to state a cause of action."[14]

---

[9] Docket No. 31, at 1.

[10] Docket No. 37, at 2.

[11] *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted).

[12] *Paper, Allied–Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co.,* 428 F.3d 1285, 1292 (10th Cir. 2005).

[13] *Id.*

[14] *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[15] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[16] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[17] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[18]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[19] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[20]

---

[15] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[16] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[18] *Id.* (quoting *Twombly*, 550 U.S. at 557).

[19] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[20] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

III. DISCUSSION

*A. Carmack Amendment Applicability and Statute of Limitations*

"The Carmack Amendment was passed by Congress to standardize inter-state transportation claims."[21] It "was intended to 'supersede all the regulations and policies of a . . . state' and 'limit the power to exempt [a carrier] by . . . contract.'"[22] Section 14101(b)(1) of Title 49 allows parties to "expressly waive any or all rights and remedies . . . covered by the contract."[23] However, while carriers can reasonably limit the extent of their liability under the Carmack Amendment, "[t]he authorities have long held that a carrier cannot by contract exempt itself from liability for its own negligence."[24]

Courts have also found that the Carmack Amendment applies to and preempts certain contractual provisions.[25] For example, in *Aluminum Products Distributors, Inc. v. Aaacon Auto Transport, Inc.*, the Tenth Circuit held that a clause limiting settlement of claims to arbitration in New York City in the defendant's contract was preempted by the Carmack Amendment because "any such limitation . . . [was] declared to be unlawful and void."[26] While similar cases have primarily dealt with issues like forum selection and arbitration clauses conflicting with the Carmack Amendment, the statute of limitations provision in the parties' agreement in this case is

---

[21] *Icon Health & Fitness, Inc. v. NVC Logistics Grp., Inc.*, No. 1:16-cv-00167-JNP-EJF, 2017 WL 2656112, at *1 (D. Utah June 20, 2017) (citing *Adams Express Co. v. Croninger*, 226 U.S. 491, 505 (1913)).

[22] *Id.* at *1 (citing *Adams Express Co.*, 226 U.S. at 505–06).

[23] 49 U.S.C. §14101(b)(1).

[24] *Gellert v. United Airlines*, 474 F.2d 77, 80 (10th Cir. 1973) (citation omitted).

[25] *See Icon Health*, 2017 WL 2656112, at *3 (finding that "[the defendant's] forum selection clause [was] preempted . . . [and] Carmack applie[d]"); *see also Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit Corp.*, 561 U.S. 89, 98 (2010) (stating in dicta that "if Carmack's terms appl[ied] . . . the [defendants] would have [had] a substantial argument that the . . . forum-selection clause . . . [was] pre-empted by Carmack's venue provisions").

[26] 549 F.2d 1381, 1385 (10th Cir. 1977).

analogous to prior court determinations.[27] As such, if the Carmack Amendment applies here, then its two-year statute of limitations applies rather than the eighteen-month limitation in the parties' agreement.

When considering inconsistencies between specific and general terms in contracts, courts typically give greater weight to the more specific terms.[28] Specific terms carry more weight because "[a]ttention and understanding are likely to be in better focus when the language is specific or exact, and . . . the specific or exact term is more likely to express the meaning of the parties with respect to the situation than the general language."[29]

The agreement between Plaintiff and Defendant states that legal proceedings must be brought within eighteen months from the date of delivery or scheduled date of delivery.[30] The agreement generally waives any rights and remedies under the Carmack Amendment that are inconsistent with the terms of the parties' agreement,[31] but also expressly incorporates liability under the portion of the Carmack Amendment relating to actions brought for damages to the goods.[32] The

---

[27] *See e.g., Icon Health*, 2017 WL 2656112, at *3 (holding that the Carmack Amendment preempted a forum selection clause because the Tenth Circuit's prior ruling that a contractual arbitration clause was preempted by the Carmack Amendment "extend[ed] by analogy to the situation at hand") (citing *Aluminum Prods. Distribs., Inc.*, 549 F.2d at 1384–85).

[28] Restatement (Second) Contracts § 203(c) (1981) ("In the interpretation of a promise or agreement . . . specific terms and exact terms are given greater weight than general language."); *see e.g., Bennett v. Coors Brewing Co.*, 189 F.3d 1221, 1232 (10th Cir. 1999) ("[S]pecific terms and exact terms . . . are given greater weight than general language.") (quoting Restatement (Second) Contracts § 203(c)); *Muzak Corp. v. Hotel Taft Corp.*, 133 N.E.2d 688, 690 (N.Y. 1956) ("Even if there was an inconsistency between a specific provision and a general provision of a contract . . . the specific provision controls.").

[29] Restatement (Second) Contracts § 203 cmt. e.

[30] Docket No. 1-1 § 4.4.1.

[31] *Id.* § 4.3.2.

[32] *Id.* § 3.3.2.

Carmack Amendment provides that "[a] carrier may not provide by rule, contract, or otherwise . . . . a period of less than 2 years for bringing a civil action against it under this section."[33]

Defendant argues that the parties properly waived any rights and remedies under the Carmack Amendment because of the general waiver found in section 4.4.1 of the parties' agreement, despite the more specific provision incorporating section 14706 of the Carmack Amendment contained in section 3.3.1. Defendant further argues that the eighteen-month limitation in the parties' agreement should govern because "it has long been established in federal jurisdictions that contractual parties may stipulate to stricter limitations than those allowed by statutes, such as statutes of limitation."[34] Plaintiff contends that, despite the waiver of rights contained in section 4.3.2, "the [a]greement does not waive the Carmack Amendment, but instead expressly referred to and incorporated [it] in regard to claims for loss or damage to goods[,]" and thus a two-year statute of limitations applies.[35]

Because the provision applying the Carmack Amendment to liability for cargo damage is more specific than the provision expressly waiving rights under the Carmack Amendment, the Court finds that the Carmack Amendment applies to Plaintiff's claim for damages to the cargo. The Amendment's two-year statute of limitations thus applies, and the suit was timely filed. Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted is denied.

B. Breach of Contract Claim

Plaintiff brings a breach of contract claim in addition to the claim under the Carmack Amendment, invoking the Court's supplemental jurisdiction "on the grounds that this cause of

---

[33] 49 U.S.C. § 14706(e)(1).

[34] Docket No. 31, at 4.

[35] Docket No. 37, at 8.

7

action is so related to the Carmack claim . . . that they form part of the same case or controversy."[36]

"The Tenth Circuit has held 'that the Carmack Amendment preempts state common law remedies against common carriers for negligent loss or damage to goods shipped under a lawful bill of lading.'"[37] "Other circuits are in accord."[38]

Because the Carmack Amendment applies here and thus "preempts state common law remedies against common carriers for negligent loss or damage to goods shipped[,]"[39] Defendant's Motion to Dismiss as applied to the breach of contract claim is granted, and the breach of contract claim is dismissed. Should later developments call into question the application of the Carmack Amendment, Plaintiff may seek leave to reassert its state-law claim at that time.

## IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 31) is GRANTED IN PART and DENIED IN PART as set forth above.

---

[36] Docket No. 1, at ¶ 4.

[37] *Prismview, LLC v. Old Dominion Freight Line, Inc.*, No. 1:21-CV-136 TS, 2022 WL 103793, at *2 (D. Utah Jan. 11, 2022) (citing *Underwriters of Lloyds of London v. N. Am. Van Lines*, 890 F.2d 1112, 1121 (10th Cir. 1989) (en banc)).

[38] *Id.* (citing *Underwriters*, 890 F.2d at 1120 ("[E]very circuit which has considered the matter … has either held or indicated it would hold that the Carmack Amendment preempts state common law remedies against a carrier for negligent damage to goods shipped under a proper bill of lading")).

[39] *Underwriters*, 890 F.2d at 1121.

DATED this 8th day of November, 2023.

                    BY THE COURT:

                    _____
                    Ted Stewart
                    United States District Judge

9